IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

TANZA FREEMAN, )
 )  Civil Action No.: 1:12-cv-65
*Plaintiff*, )
 )
v. ) Judge: Collier/Carter
 )
BOLTS & NUTS, INC., ) JURY DEMAND
 )
*Defendant*. )

## COMPLAINT

Comes now the Plaintiff and sues the Defendant and for cause of action would show as follows:

### JURISDICTION AND VENUE

1. This action is based on the provisions of 42 *U.S.C.* § 2000e, *et seq.*, commonly referred to as the Civil Rights Act of 1964, and 1991. Subject matter jurisdiction is conferred upon this Court by 42 *U.S.C.* § 2000e-5(f).

2. This action is also based on the provisions of 29 *U.S.C.* § 201, *et seq.*, commonly referred to as the Fair Labor Standards Act of 1938, as amended by the Equal Pay Act of 1963 (Equal Pay Act).

3. Subject matter jurisdiction is conferred upon this Court by 29 *U.S.C.* § 216 and 28 *U.S.C.* §1337.

4. Plaintiff resides, Defendant conduct business and all wrongful conduct occurred in this district. Therefore, venue is proper under the code provisions cited herein, as well as the general venue provisions of 28 *U.S.C.* § 1391.

### PARTIES

5. Plaintiff, Tanza Freeman, is a citizen and resident of Chattanooga, Hamilton County, Tennessee.

6. Defendant, Bolts & Nuts, Inc. is a domestic corporation whose principal place of business is 1900 East 28th Street, Chattanooga, TN 37407 and may be served with process through its Registered Agent, Thomas D. Sheehy, 1900 East 28th Street, Chattanooga, Tennessee 37407.

## ADMINISTRATIVE PREREQUISITES

7. Plaintiff has complied with all administrative prerequisites to this action under §706 of Title VII of the Civil Rights Act of 1964, as amended and 42 *U.S.C.* § 2000e-5, 42 *U.S.C.* § 2000e-3(a) as follows:

    a. On October 21, 2010, the Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission (EEOC).

    b. Plaintiff fully complied with the agency's requests for information and accommodated the agency's investigation.

    c. Plaintiff has exhausted all available administrative remedies pursuant to the aforementioned statutes prior to instituting this civil action.

    d. The EEOC mailed a Notice of Right to Sue to Plaintiff on December 6, 2011.

## FACTUAL ALLEGATIONS

8. Defendant employed Plaintiff, an African American female, on or about February 16, 2005.

9. At all times relevant, the Defendant is an employer with at least fifteen (15) employees and is subject to the provisions Title VII of the Civil Rights Act of 1964, as amended and the Equal Pay Act.

10. Plaintiff expressed concern to her supervisor regarding discriminatory practices resulting in her being paid less compensation than other employees

who were of another race and gender, and those concerns were ignored and the practices continued.

11. Plaintiff is paid less than her white coworkers and male coworkers who are similarly situated, in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended and the Equal Pay Act.

12. The EEOC's investigation resulted in a finding that the Plaintiff is the only African American in the company and the only female in her department.

13. Further, the EEOC found that there is reasonable cause to conclude that Plaintiff was discriminated against because of her race and gender in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended and the Equal Pay Act.

14. Under the provisions of the Civil Rights Act of 1964 and 1991 and the Equal Pay Act, there is due and owing a sum of money equal to the salary and benefits she would have received had there not been a discriminatory policy and she had been paid equal pay for her equal work.

15. In addition, Plaintiff is entitled to a like sum as penalties, plus reasonable attorney's fees and costs of this action.

WHEREFORE, Plaintiff demands a judgment against Defendant as follows:

16. For a sum of money equal to the salary and benefits she would have received had there not been a discriminatory policy and she had been paid equal pay for her equal work.

17. For a like sum as penalties.

18. Punitive damages in an amount to be shown at trial.

19. Reasonable attorney's fees and costs of this action.

20. Plaintiff demands a jury.

RESPECTFULLY SUBMITTED THIS  2  DAY OF  March 2012.

**MICHAEL M. RAULSTON, ESQUIRE**

By: _____
Michael M. Raulston (BPR 1845)
Attorney for Plaintiff
511 Georgia Avenue, 2nd Floor
Chattanooga, TN 37402
(423) 756-1233 Phone
(423) 756-1250 Fax
raulstonlawfirm@gmail.com

Speek + Webb

Gerald Webb by: Michael M. Raul

Cherry St
Chattanooga, TN 37402
(423)-931-2800